UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT O. BRAY,<br><br>                Plaintiff,<br><br>    v.<br><br>THURSTON COUNTY CORRECTIONAL FACILITY,<br><br>                Defendant[s]. | Case No.  C07-5368RBL-KLS<br><br>ORDER TO SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint (Dkt. #1) and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

ORDER
Page - 1

1. right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), overruled on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982).

Here, plaintiff has not alleged any facts showing how individually named defendants caused or personally participated in causing the harm he alleges in his complete. Rather, only the Thurston County Correctional Facility is named as a defendant. While it is true that a local government agency, such as a county jail, can be held liable under section 1983, to do so plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474 (9th Cir.1992). In addition, a local government agency may be held liable under the above standards, if the plaintiff identifies a municipal "custom," as opposed to an actual "policy," caused the alleged injury. <u>Board of County Commissioners of Bryan County v. Brown</u>, 520 U.S. 397, 403 (1997). Plaintiff, however, has made neither showing.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than December 1, 2007**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915

1  (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
2  complaint. Plaintiff also shall file the appropriate number of copies of the amended complaint for service
3  and forms for service.
4      The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended
5  complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
6  plaintiff.
7      DATED this 1st day of November, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3