UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT O. BRAY,

    Plaintiff,

v.

THURSTON COUNTY CORRECTIONAL FACILITY, *et al*,

    Defendants.

Case No.  C07-5368RBL-KLS

REPORT AND RECOMMENDATION

Noted for July 11, 2008

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter is before the court because of plaintiff's failure to notify the court of his current address.  After reviewing the record, the undersigned recommends that the court dismiss plaintiff's complaint for the reasons set forth below.

## DISCUSSION

On December 14, 2007, the undersigned issued two orders in this matter denying plaintiff's request for a continuance (Dkt. #11) and directing service of the complaint (Dkt. #12).  On December 14, 2007, and December 20, 2007, respectively, the postal service returned plaintiff's copies of those orders, which were sent to his last known address.  Apparently, plaintiff was no longer at that address, but he had not informed the Court of his change of address.

On February 21, 2008, the Court received a notice of change of address from plaintiff. (Dkt. #33). On March 27, 2008, the undersigned issued a pretrial schedule order (Dkt. #35) and sent it to the address set forth in his notice of change of address, along with another copy of the order directing service.  Both

of those orders, however, were returned by the postal service on March 31, 2008, apparently because plaintiff was not there. (Dkt. #36-#37).

On April 11, 2008, the undersigned directed the Clerk to issue a minute order detailing the above procedural history and further informing plaintiff as follows:

> Local Rule CR 10(f) requires parties to notify the Court within ten days of a change of address. Local Rule CR 41[(b)(2)] states: "A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute."

(Dkt. #39). Accordingly, the undersigned further directed the Clerk to place a deadline of May 30, 2008, on the Court's calendar to check the record for a change of address filed by plaintiff. (Id.).

To date, however, no such change of address or other response has been received from plaintiff. Repeated attempts have been made to send copies of the Court's orders to plaintiff at his last known address. The Court is unaware of any other place of residence or confinement for plaintiff, and, as discussed above, plaintiff has failed to provide the Court with a notice of a change in his mailing address as he is required to do.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute pursuant to Local Rule CR 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **July 11, 2008**, as noted in the caption.

DATED this 18th day of June, 2008.

Karen L. Strombom
United States Magistrate Judge